IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALAN FLEISCHMANN,

                Plaintiff,

v.                                      CIVIL ACTION NO.  2:04-cv-998

PRG-SCHULTZ USA, INC.,
a foreign corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion for summary judgment [Docket 29]. The defendant filed the motion on December 1, 2005, and the plaintiff did not respond. For the reasons explained herein, the court **GRANTS** the defendant's motion.

*I. Background*

Alan Fleischmann, the plaintiff, filed this action in the Circuit Court of Putnam County, West Virginia. The defendant, PRG-Schultz USA, Inc., then removed the case based on this court's diversity jurisdiction. PRG-Schultz employed Mr. Fleischmann as an auditor from April 2000 to May 20, 2002. (Mem. Supp. Mot. for Summ. J. 3–4.) Companies hire PRG-Schultz to audit their records to locate overpayments—transactions where companies pay suppliers more money than required. Once an overpayment is identified, PRG-Schultz notifies the company, which then contacts the supplier to recover the overpaid amount. Companies hire PRG-Schultz on a contingent

basis; if no overpayments are identified, PRG-Schultz does not get paid. Likewise, if PRG-Schultz is not paid, its individual auditors are not paid.

While working on an audit in Pittsburgh in May 2002, Mr. Fleischmann notified PRG-Schultz that he had to attend jury duty orientation in Putnam County, West Virginia. His supervisor told him to work Monday and Tuesday in Pittsburgh before returning to West Virginia for jury duty orientation on Wednesday, May 15. (Compl. ¶ 5.) Following orientation, Mr. Fleischmann informed PRG-Schultz that he had to be available periodically during the next six months for potential jury duty. Five days later, PRG-Schultz fired Mr. Fleischmann in a meeting at Yeager Airport in Charleston. (*Id.* ¶¶ 10–12.) Mr. Fleischmann's Complaint alleges that PRG-Schultz fired him because of his pending jury duty in violation of West Virginia Code section 52-1-21. (*Id.* ¶ 17–18.) He also alleges that PRG-Schultz breached his employment contract by failing to pursue all of the overpayments he identified. (*Id.* ¶ 22–23.) PRG-Schultz moves for summary judgment on both counts.

*II. Standard of Review*

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### *III. The Effect of an Unresponsive Nonmoving Party*

The plaintiff did not file a response to the defendant's motion for summary judgment. Although the Federal Rules of Civil Procedure provide for default procedures in Rule 55, those procedures do not govern the failure of a plaintiff to respond to a motion for summary judgment. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 415 (4th Cir. 1993). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *Id*. at 416. Therefore, even though the motion is unopposed, the court will review the pending motion under its usual summary judgment standard to determine whether PRG-Schultz is entitled to judgment as a matter of law.

*IV. Count One—Wrongful Termination*

Count One of the plaintiff's Complaint alleges PRG-Schultz fired Mr. Fleischmann because of his pending jury duty. (Compl. ¶ 17–18.) West Virginia Code section 52-1-21 provides: "Upon receiving a summons to report for jury duty an employee shall . . . thereupon be excused from employment for the day or days required in serving as a juror in any court created by the constitutions of the United States or of the state of West Virginia or the laws of the United States or the state of West Virginia." To make out a wrongful termination claim under West Virginia law, a plaintiff must show by a preponderance of the evidence that a forbidden intent was a motivating factor in an employment decision. *Page v. Columbia Natural Res., Inc.*, 480 S.E.2d 817, 828–29 (W. Va. 1996). Showing that an improper motive actually was a "substantial factor" is not required; the plaintiff only has to show that an improper motive "entered into the decision making to any degree" in order to shift the causation burden to the defendant. *Skaggs v. Elk Run Coal Co.*, 479 S.E.2d 561, 586 (W. Va. 1996). Once the plaintiff makes this showing, liability will be imposed on the defendant unless it proves by a preponderance of the evidence that the same result would have occurred even in the absence of the unlawful motive. *Id.* at 485.

In this case, Mr. Fleischmann must show that his pending jury duty was a motivating factor in PRG-Schultz's decision to fire him. After carefully reviewing the record, the court **FINDS** that Mr. Fleischmann lacks any evidence necessary to make this showing.

The only fact in the record suggesting that Mr. Fleischmann's jury duty was a motivating factor in his termination is that he was fired five days after attending jury duty orientation. In the plaintiff's deposition, he speculated that PRG-Schultz did not want him serving on a jury because it would disrupt his travel schedule. (Mem. Supp. Mot. for Summ. J. 9.) Mr. Fleischmann, however,

said that no PRG-Schultz representative told him anything that would lead him to believe that jury duty was a factor behind his termination. (*Id.*) In support of its motion for summary judgment, PRG-Schultz points to numerous affidavits of other PRG-Schultz auditors who have served on juries and then resumed their regular jobs. (Ex. D to Mot. for Summ. J.)

Even if facts existed in the record in which a jury could find by a preponderance of the evidence that Mr. Fleischmann met his initial burden, PRG-Schultz has come forward with a substantial amount of evidence suggesting that Mr. Fleischmann was fired for reasons completely unrelated to his pending jury duty. For example, PRG-Schultz points to poor performance evaluations, conflicts with management, and complaints from clients as the reasons for Mr. Fleischmann's termination. (Mem. Supp. Mot. for Summ. J. 10.) His performance was considered "unacceptable" on a January 29, 2002 evaluation and was the subject of several emails to PRG-Schultz management. (*Id.* 10.)

Discovery in the case has been completed and the record reveals no issues of material fact in dispute.[1] Because no evidence exists that would allow a reasonable juror to find that Mr. Fleischmann can make the requisite showing that his jury duty was a motivating factor in his termination, PRG-Schultz must win as a matter of law. Therefore, the court **GRANTS** summary judgment to PRG-Schultz on Count One.

---

[1] According to the docket, Mr. Fleischmann failed to depose any representatives of PRG-Schultz.

*V. Count Two—Breach of Contract*

Mr. Fleischmann also asserts a breach of contract claim against PRG-Schultz. Specifically, the Complaint states, "[p]ursuant to the defendant's contract with client companies, said client companies are required to pursue any fraud and/or overpayments uncovered by the defendant's employees." (Compl. ¶ 21.) Mr. Fleischmann alleges he is a third-party beneficiary to the contract between PRG-Schultz and its client companies. (*Id.* ¶ 22.) He states that PRG-Schultz breached its contract by failing to enforce the provision requiring the client companies to pursue any identified overpayments, which caused Mr. Fleischmann to lose money because he is employed on a contingent-fee basis. (*Id.* ¶ 23.)

In moving for summary judgment, PRG-Schultz argues its client contracts do not require the client to pursue every identified overpayment. (Mem. Supp. Mot. for Summ. J. 13.) PRG-Schultz points to its client contracts with Ajax Magnathermic Corp., Campbell's Soup Co., Ormet Corp., DecisionOne Corp., and PPG Industries, Inc., as evidence of this point. (Ex. L to Mot. for Summ. J.) All of the contracts except the contract with PPG Industries state that "if" efforts are made to recover identified overpayments, the client and PRG agree to share the recovered amounts by a specified percentage. (*Id.*) The PPG Industries contract states that "PPG will have the final right to determine whether an issue shall be pursued with suppliers." (*Id.*) No provisions of the contracts between PRG-Schultz and its clients require the client to pursue every identified overpayment and no provisions of the employment contract between PRG-Schultz and Mr. Fleischmann require PRG-Schultz to ensure its audit clients pursue every identified overpayment.

The uncontroverted facts establish that Mr. Fleischmann cannot establish a breach of contract claim.[2] Because PRG-Schultz has shown that there are no issues of material fact in dispute and that it is entitled to judgment as a matter of law, the court **GRANTS** summary judgment to PRG-Schultz on Count Two.

*VI. Conclusion*

The court **GRANTS** summary judgment to PRG-Schultz on both counts of Mr. Fleischmann's Complaint. Accordingly, the court **ORDERS** that this case be **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:  January 10, 2006

        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE

---

[2] Because the court finds no breach of contract, it is not necessary to examine whether Mr. Fleischmann is a third-party beneficiary of the contracts between PRG-Schultz and its clients.